**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN CARLOS GONZALEZ SABINO, | No.    13-71713 |
| Petitioner, | Agency No. A205-716-771 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges.

Juan Carlos Gonzalez Sabino, a native and citizen of Mexico, petitions for

review of the Department of Homeland Security's ("DHS") May 14, 2013, order

reinstating his December 14, 2012, expedited removal order. Our jurisdiction is

governed by 8 U.S.C. § 1252. Our review is "limited to confirming the agency's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

compliance with the reinstatement regulations." *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The DHS did not err in reinstating Gonzalez Sabino's expedited removal order, where the record demonstrates that Gonzalez Sabino is an alien, he was subject to a prior expedited removal order in 2012, and he illegally reentered subsequent to that order. *See id.* (the court's jurisdiction is limited to reviewing the "three discrete inquiries an immigration officer must make in order to reinstate a removal order: (1) whether the petitioner is an alien; (2) whether the petitioner was subject to a prior removal order, and (3) whether the petitioner re-entered illegally"); 8 U.S.C. § 1231(a)(5) (if the DHS "finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date").

We lack jurisdiction to consider Gonzalez Sabino's collateral attacks on his prior expedited removal proceedings or his acceptance of administrative voluntary departure. *See Garcia de Rincon*, 539 F.3d at 1138-39 ("Although [8 U.S.C.]

§ 1252(a)(2)(D) re-vests courts with jurisdiction to review constitutional claims and questions of law otherwise barred," it does not re-vest jurisdiction over reinstated expedited removal orders); 8 U.S.C § 1252(b).

We deny Gonzalez Sabino's request for judicial notice (Docket Entry No. 10) as moot and do not consider the declaration Gonzalez Sabino submitted with his opening brief. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**